Karen Sue Naylor, Chapter 7 Trustee
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660-2098
karen@ringstadlaw.com
Telephone: (949) 851-7450

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| In re: | § | |
|---|---|---|
| FUSIONBRIDGE, LTD. | § | Case No. 8:12-bk-23562-TA |
| | § | |
| Debtor(s) | § | |
| | § | |

CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION
REPORT CERTIFICATION THAT THE ESTATE HAS BEEN FULLY
ADMINISTERED AND APPLICATION TO BE DISCHARGED (TDR)

Karen Sue Naylor, Chapter 7 Trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1) All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2) A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | |
|---|---|
| Assets Abandoned: $6.17 | Assets Exempt: NA |
| (Without deducting any secured claims) | |
| Total Distributions to Claimants: $0.00 | Claims Discharged |
| | Without Payment: NA |
| Total Expenses of Administration: $36,000.00 | |

3) Total gross receipts of $36,000.00 (see **Exhibit 1**), minus funds paid to the debtor and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $36,000.00 from the liquidation of the property of the estate, which was distributed as follows:

|  | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| SECURED CLAIMS (from **Exhibit 3** ) | $0.00 | $0.00 | $0.00 | $0.00 |
| PRIORITY CLAIMS: CHAPTER 7 ADMIN. FEES AND CHARGES (from **Exhibit 4** ) | NA | $246,286.25 | $246,286.25 | $36,000.00 |
| PRIOR CHAPTER ADMIN. FEES AND CHARGES (from **Exhibit 5** ) | NA | $0.00 | $0.00 | $0.00 |
| PRIORITY UNSECURED CLAIMS (from **Exhibit 6** ) | $0.00 | $816.55 | $816.55 | $0.00 |
| GENERAL UNSECURED CLAIMS (from **Exhibit 7** ) | $4,762,895.60 | $1,361,587.62 | $1,367,928.84 | $0.00 |
| **TOTAL DISBURSEMENTS** | $4,762,895.60 | $1,608,690.42 | $1,615,031.64 | $36,000.00 |

4) This case was originally filed under chapter 7 on 11/28/2012. The case was pending for 83 months.

5) All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6) An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8.**  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9.**

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated :  10/03/2019          By :    /s/ Karen Sue Naylor

Trustee

STATEMENT:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4 (a)(2) applies.

**EXHIBITS TO**
**FINAL ACCOUNT**

**EXHIBIT 1 – GROSS RECEIPTS**

| DESCRIPTION | UNIFORM TRAN. CODE [1] | AMOUNT RECEIVED |
|---|---|---|
| Potential Fraudulent Conveyance Claim | 1249-000 | $36,000.00 |
| **TOTAL GROSS RECEIPTS** | | $36,000.00 |

[1] The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

**EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES**

| PAYEE | DESCRIPTION | UNIFORM TRAN. CODE | AMOUNT PAID |
|---|---|---|---|
| NA | NA | NA | NA |
| **TOTAL FUNDS PAID TO DEBTOR & THIRD PARTIES** | | | $0.00 |

**EXHIBIT 3 – SECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from Form 6D) | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| NA | | NA | NA | NA | NA | NA |
| **TOTAL SECURED** | | | $0.00 | $0.00 | $0.00 | $0.00 |

**EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES AND CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| US BANKRUPTCY COURT | 2700-000 | NA | $293.00 | $293.00 | $293.00 |
| MARSHACK HAYS LLP | 3220-000 | NA | $7,130.57 | $7,130.57 | $1,028.98 |
| KAREN SUE NAYLOR | 2100-000 | NA | $4,350.00 | $4,350.00 | $627.73 |
| HAHN FIFE & COMPANY, LLP | 3410-000 | NA | $1,000.00 | $1,000.00 | $144.31 |
| MARSHACK HAYS LLP | 3210-000 | NA | $224,831.00 | $224,831.00 | $32,444.30 |
| KAREN SUE NAYLOR | 2200-000 | NA | $909.46 | $909.46 | $131.24 |
| FRANCHISE TAX BOARD | 2820-000 | NA | $0.00 | $0.00 | $0.00 |
| FRANCHISE TAX BOARD | 2820-000 | NA | $7,528.10 | $7,528.10 | $1,086.32 |
| INTERNATIONAL SURETIES, LTD. | 2300-000 | NA | $36.81 | $36.81 | $36.81 |

**EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES AND CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| Texas Capital Bank | 2600-000 | NA | $207.31 | $207.31 | $207.31 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | NA | $246,286.25 | $246,286.25 | $36,000.00 |

**EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES AND CHARGES**

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| NA | NA | NA | NA | NA | NA |
| **TOTAL PRIOR CHAPTER ADMIN FEES AND CHARGES** | | NA | $0.00 | $0.00 | $0.00 |

**EXHIBIT 6 – PRIORITY UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (from 6E) | CLAIMS ASSERTED (from Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 000002 | FRANCHISE TAX BOARD | 5800-000 | NA | $816.55 | $816.55 | $0.00 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | $0.00 | $816.55 | $816.55 | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 00006-2 | 02WORKS LLC | 7100-000 | $670,000.00 | $814,949.19 | $814,949.19 | $0.00 |
| 000007 | MARK KENNETH | 7100-000 | $637,640.00 | $508,158.78 | $514,500.00 | $0.00 |
| 000005 | GLOBAL SYSTEMS INTEGRATION, | 7100-000 | $14,262.50 | $18,662.50 | $18,662.50 | $0.00 |
| 000004 | SUPERIOR FINANCIAL GROUP | 7100-000 | $22,330.00 | $12,847.92 | $12,847.92 | $0.00 |
| 000001 | TW TELECOM, INC. | 7100-000 | $20,000.00 | $6,969.23 | $6,969.23 | $0.00 |
| | 77 NorthBaker Inc 668 N Coast | | $1.00 | NA | NA | $0.00 |
| | Aarsvold Industries | | $1.00 | NA | NA | $0.00 |
| | Alan J. Gordee | | $1.00 | NA | NA | $0.00 |
| | Andrew B. Lovsted | | $29,549.00 | NA | NA | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Ascendit Inc | | $1.00 | NA | NA | $0.00 |
| | Bank of America | | $25,000.00 | NA | NA | $0.00 |
| | Bhaskar  Suryawanshi | | $3,000.00 | NA | NA | $0.00 |
| | California Bank and Trust | | $67,971.00 | NA | NA | $0.00 |
| | Callahan and Blaine | | $44,338.00 | NA | NA | $0.00 |
| | Carla Hile | | $6,300.00 | NA | NA | $0.00 |
| | Carter Berlin | | $606,473.00 | NA | NA | $0.00 |
| | Cas and Marion Loobeek | | $200,000.00 | NA | NA | $0.00 |
| | Christen Kwawegen | | $16,950.00 | NA | NA | $0.00 |
| | Dana Podsednik Hydril Company | | $1,000.00 | NA | NA | $0.00 |
| | Dempsey Blue Var | | $5,000.00 | NA | NA | $0.00 |
| | Denny Rosendo | | $3,000.00 | NA | NA | $0.00 |
| | Elisa Sargent | | $9,292.50 | NA | NA | $0.00 |
| | Fair Collections and Outsourcing | | $2,891.00 | NA | NA | $0.00 |
| | Geoff Jarmin | | $236,426.10 | NA | NA | $0.00 |
| | Georgiann Eder | | $57,589.44 | NA | NA | $0.00 |
| | Glen Christensen | | $65,504.39 | NA | NA | $0.00 |
| | HQ The Regus Group Network | | $2,000.00 | NA | NA | $0.00 |
| | Infocrossing Service West, Inc. | | $1.00 | NA | NA | $0.00 |
| | Infocrossing West, Inc. | | $1,316,504.00 | NA | NA | $0.00 |
| | Infocrossing, Inc. | | $1.00 | NA | NA | $0.00 |
| | JAGwiregroup | | $5,440.00 | NA | NA | $0.00 |
| | Jeff William Cooper | | $3,645.74 | NA | NA | $0.00 |
| | Jilio Ryan Hunter and Olsen Inc | | $3,115.00 | NA | NA | $0.00 |
| | Jim Kwawegen | | $16,905.00 | NA | NA | $0.00 |
| | Jon Moll | | $83,383.17 | NA | NA | $0.00 |
| | Junaid Aslam | | $5,300.00 | NA | NA | $0.00 |
| | K | | $1,900.00 | NA | NA | $0.00 |

**EXHIBIT 7 – GENERAL UNSECURED CLAIMS**

| CLAIM NO. | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED (FROM Form 6F) | CLAIMS ASSERTED (FROM Proofs of Claim) | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| | Kathleen White | | $10,000.00 | NA | NA | $0.00 |
| | Katman Consulting, LLC | | $37,890.00 | NA | NA | $0.00 |
| | Key Bank | | $8,319.58 | NA | NA | $0.00 |
| | Matthew Aarsvold | | $260,838.73 | NA | NA | $0.00 |
| | Maxene Weinberg Agency An | | $8,000.00 | NA | NA | $0.00 |
| | Michael Elliot | | $8,675.00 | NA | NA | $0.00 |
| | Paul Santaniello PHIA Consulting | | $50,000.00 | NA | NA | $0.00 |
| | Pick Professionals | | $1,750.00 | NA | NA | $0.00 |
| | Randy Larson | | $24,319.74 | NA | NA | $0.00 |
| | Ray Santos | | $24,731.46 | NA | NA | $0.00 |
| | Santosh Gawde BITS | | $3,962.03 | NA | NA | $0.00 |
| | Shruti Patel Kantman Consulting | | $32,890.00 | NA | NA | $0.00 |
| | Spach Capaldi and Waggaman | | $11,680.00 | NA | NA | $0.00 |
| | Tana Norodom | | $44,273.00 | NA | NA | $0.00 |
| | Tejash Thakkar | | $26,429.50 | NA | NA | $0.00 |
| | The Santaniello Family Trust | | $25,000.00 | NA | NA | $0.00 |
| | Wilson Chen Solutions Quest, | | $1,419.72 | NA | NA | $0.00 |
| | Wipro Inc Attn Ramasubbu | | $1.00 | NA | NA | $0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $4,762,895.60 | $1,361,587.62 | $1,367,928.84 | $0.00 |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| | | |
|---|---|---|
| **Case No:  12-23562** | **Judge:  Theodor C. Albert** | **Trustee Name:  Karen Sue Naylor** |
| **Case Name:  FUSIONBRIDGE, LTD.** | | **Date Filed (f) or Converted (c):  11/28/2012 (f)** |
| | | **341(a) Meeting Date:  01/11/2013** |
| **For Period Ending:  10/03/2019** | | **Claims Bar Date:  01/21/2014** |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value<br>(Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned<br>OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1.  US Bank Checking Account | 6.17 | 0.00 | | 0.00 | FA |
| 2.  Interest in Tradmarks - value undetermined<br>as their is no resale market | 0.00 | 0.00 | | 0.00 | FA |
| 3.  Interest in Business Website (fusionbridge.com) | 0.00 | 0.00 | | 0.00 | FA |
| 4.  Interest in Business Name, Domain Name and Website<br>(Fusionbridge, LTD; www.fusionbridge.com) - value undetermined as<br>there is no resale market | 0.00 | 0.00 | | 0.00 | FA |
| 5.  Potential Fraudulent Conveyance Claim (u)<br>Trustee is informed that Debtor transferred assets to FusionBridge in Wyoming<br><br>Trustee commenced litigation by way of Adversary No. 8:13-ap-01342-TA<br><br>Pursuant to order entered 12/07/17 [Doc 57], Settlement approved whereby estate to receive $36,000 in 24 monthly installments of $1,500.00 commencing July 1, 2017.  Final payment due by July 1, 2019. | 0.00 | 60,000.00 | | 36,000.00 | FA |

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

**Case No:** 12-23562                **Judge:** Theodor C. Albert                **Trustee Name:** Karen Sue Naylor

**Case Name:** FUSIONBRIDGE, LTD.                **Date Filed (f) or Converted (c):** 11/28/2012 (f)

**341(a) Meeting Date:** 01/11/2013

**For Period Ending:** 10/03/2019                **Claims Bar Date:** 01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value<br>(Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned<br>OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| | | | | | Gross Value of Remaining Assets |
| **TOTALS (Excluding Unknown Values)** | 6.17 | 60,000.00 | | 36,000.00 | 0.00 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**TAXES** - An accountant has been employed on a flat fee basis; Tax returns have been prepared and a tax clearance letter has been received
**ASSETS** - Fraudulent transfer to FushionBridge incorporated in Wyoming--Settled for $36,000.00 pursuant to Order entered 12/07/17 [Doc 57] [24 installment payments of $1,500, final payment due by July 1, 2019]
**INSURANCE** - None required
**LITIGATION** - Complaint filed 11/01/13 for (1) Avoidance and Recovery of Fraudulent Transfer; (2) Breach of Fiduciary Duty; and (3) Conversion (Naylor v. FusionBridge, Ltd. fka WebWorld, Inc., and Matthew David Aarsvold, Adv. No. 8:13-ap-01342-TA)
**OPERATING ORDER** - None required
**STATUS** - Detailed narrative to follow:
On November 28, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code. The original Section 341(a) hearing was scheduled for January 11, 2013.

At the Section 341(a) Meeting of Creditors, the Debtor's principal, Matthew David Aarsvold, and the Debtor's counsel appeared. Alan Gordee, attorney for creditor Infocrossing, Inc., also appeared. At the hearing, the Debtor was required to complete a Questionnaire provided by the Trustee and signed under the penalty of perjury. Question No. 5 on the Trustee's Questionnaire states: "Within the four years prior to filing the petition, did you sell, give away or otherwise dispose of anything having a value of more than $1,500? If yes, please identify." In response, the Debtor's principal circled "yes" and wrote, "Contracts, Receivables, Payables, Debt." The Trustee questioned him at length regarding these transfers and regarding the operation of the business, but the Debtor's principal's answers were vague. When the Trustee pushed for specifics, the principal finally disclosed that the assets of the Debtor were transferred to another entity he formed, owned, and controlled with essentially the same name—FusionBridge Wyoming.

The Trustee requested extensive documents and information and the hearing was continued. The hearing was continued several times and ultimately concluded on November 6, 2013.

By way of background, the Trustee learned that Strategix, Ltd. ("Strategix") was a subsidiary of ePassage, Inc. ("ePassage"), which was a Nevada corporation wholly owned by Matthew Aarsvold ("Aarsvold"). Strategix and ePassage were in the business of providing consulting services in connection with the implementation of enterprise level software licensed by such companies as SAP and Oracle. On February 29, 2004, Systems Management Specialists ("SMS"), Strategix and Aarsvold entered into an Asset Purchase Agreement ("APA") whereby SMS purchased substantially all of the operating assets of Strategix's "business," which was defined as the provision of "services related to project management of implementation and integration of enterprise resource planning for software applications."

On March 1, 2004, SMS and ePassage entered into a Consulting Services Agreement ("CSA"), under which ePassage (through Aarsvold) provided consulting services to manage the Strategix business that SMS had acquired. Under this arrangement, ePassage and Strategix remained in existence, but SMS acquired the operating assets of Strategix. In April 2004, shortly after the transaction between SMS and Aarsvold closed, Infocrossing, Inc. acquired all of the stock of SMS, thereby succeeding to its obligations and rights under the APA and CSA. A dispute subsequently arose between Infocrossing, on the one hand, and ePassage, Strategix and Aarsvold

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 12-23562                    Judge: Theodor C. Albert                    Trustee Name: Karen Sue Naylor
Case Name: FUSIONBRIDGE, LTD.                                                   Date Filed (f) or Converted (c): 11/28/2012 (f)
                                                                               341(a) Meeting Date: 01/11/2013
For Period Ending: 10/03/2019                                                   Claims Bar Date: 01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

(collectively, the "Aarsvold Parties"), on the other hand, concerning Infocrossing's obligations under the APA and CSA and amounts allegedly owed to the Aarsvold Parties under these agreements.

On July 29, 2005, Aarsvold attempted to rescind the APA and CSA, and on August 2, 2005, Strategix and ePassage filed suit against Infocrossing in the Orange County Superior Court, Case No. 05CC09021 (the "Aarsvold Action") for rescission, declaratory relief, accounting, quantum meruit, common count and to compel arbitration. On August 5, 2005, Infocrossing filed suit against the Aarsvold Parties in Orange County Superior Court Case No. 05CC09032 (the "Infocrossing Action"), for breach of contract, unfair competition, accounting and imposition of a constructive trust. The parties then agreed to submit their dispute to binding arbitration at Judicial Arbitration and Mediation Services ("JAMS").

Shortly before severing his relationship with Infocrossing, Aarsvold announced his intention to reconstitute Strategix. He used the Debtor as his vehicle to accomplish this. Aarsvold established the Debtor as a new corporation. Records showed that Aarsvold filed paperwork to incorporate the Debtor on August 2, 2005, the same day that he initiated litigation against Infocrossing. The Debtor was apparently a subsidiary of 77 North Baker, Inc., a company that was wholly owned by Aarsvold.

After Infocrossing obtained a preliminary injunction to enforce a non-solicitation clause, Aarsvold, who was enjoined from using Strategix and ePassage to compete with Infocrossing, simply transferred Strategix's assets and moved its operations to the Debtor. As reflected in his online profile on the Linked-in website, Aarsvold left his position as Chief Executive Officer of ePassage and President of Strategix and became the Chief Executive Officer of the Debtor. The Debtor created a website that adopted the same web design and incorporated all of the Strategix website's content, client lists, and trademarks.

The Debtor also provided all of the services that Strategix provided. For example, one of Strategix's largest contracts was with Dole Food Company, Inc. ("Dole"). After Infocrossing obtained its preliminary injunction, Aarsvold continued to work for Dole under the Debtor's name and Dole paid the Debtor directly for these services. The Debtor subsequently entered into a new contract with Dole. At the same time, Strategix and ePassage were left without any managers, employees, customers, or meaningful assets. Finally, Aarsvold funded the litigation against Infocrossing through a $1.9 million "loan" from the Debtor to ePassage.

On March 3, 2009, after a 12-day arbitration in which he considered all of the evidence, Judge Brickner issued a Final Award ("Final Award") in the JAMS arbitration. Under the Final Award, the Aarsvold Parties lost their multi-million dollar claim and Infocrossing was awarded judgment in the amount of $43,275—Aarsvold owed $9,000 and ePassage and Strategix, jointly and severally, were found liable for $34,275. Judge Brickner also found that Infocrossing was the prevailing party entitled to its attorneys' fees and expenses and he awarded Infocrossing $1,001,916.67 for attorneys' fees and $266,569.31 in expenses against ePassage and Strategix. On March 11, 2009, Judge Brickner issued a Final Corrected Award that did not change the amounts that the Defendants owed to Infocrossing. On March 23, 2009, Infocrossing petitioned the Court for an order confirming the arbitration award. The Court granted Infocrossing's petition on June 10, 2009, entering an order confirming the arbitration award and entered judgment against Aarsvold, Strategix and ePassage.

On June 12, 2009, Aarsvold filed for bankruptcy protection. Neither ePassage nor Strategix filed for bankruptcy, but neither conduct any business. Both ePassage and Strategix appeared to be active corporations according to the California and Nevada Secretary of State websites.

On February 17, 2012, Infocrossing moved to amend its judgment to include the Debtor under two theories—alter ego and continuation of a business under another name. The court granted that motion and entered an amended judgment that included the Debtor as a judgment debtor. Following the entry of the amended judgment, Infocrossing sought a judgment debtor examination of Debtor. After engaging in some litigation maneuvers, including the filing of an appeal, the Debtor filed its bankruptcy.

As indicated above, at the initial meeting of creditors held on January 11, 2013, the Debtor, in responding to questions, admitted that it transferred all of its contracts and work in progress to an entity in Wyoming, also

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No: 12-23562                Judge: Theodor C. Albert              Trustee Name: Karen Sue Naylor
Case Name: FUSIONBRIDGE, LTD.                                          Date Filed (f) or Converted (c): 11/28/2012 (f)
                                                                       341(a) Meeting Date: 01/11/2013
For Period Ending: 10/03/2019                                          Claims Bar Date: 01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

named Fusion Bridge, Ltd., which was owned, either directly or indirectly, by Aarsvold - the same owner who owns (either directly or indirectly) the Debtor.  These transfers caused Debtor's income to drop from $996,015.00 in 2011 to $15,681.00 in 2012.

As a result of these issues, the Trustee sought to hire general counsel to assist her in bringing an avoidance and fraudulent transfer cause of action.  In March 2013, the Trustee forwarded a copy of the case files to D. Edward Hays of Marshack Hays LLP for review and possible acceptance of employment as general counsel for the Trustee.  Thereafter, the Trustee's proposed counsel served its notice of application to employ and by order entered May 1, 2013, the Court approved the employment of Marshack Hays LLP as general counsel.

In the meantime, creditor Infocrossing applied to the Court for an order to conduct Rule 2004 Examinations of the Debtor.  The motion was granted by order entered March 8, 2013.  The examinations were scheduled to be conducted in April 2013, but ultimately went forward in May 2013.  There were also indications by the creditor that they intended to apply for additional 2004 examinations, but it was never done.

Based on the Debtor's questionable transfer of assets, the Trustee determined to file a complaint.

**THE COMPLAINT**
Naylor v. FusionBridge, Ltd. fka WebWorld, Inc., a Wyoming Corporation, and Matthew Aarsvold, Adv. No. 8:13-ap-01342-TA

On November 1, 2013, the Trustee filed a complaint for avoidance and recovery of fraudulent transfer, breach of fiduciary duty, and conversion.  The summons was issued on November 5, 2013.  Responsive pleadings were due by December 5, 2013, and the status conference was set for January 23, 2014.  On December 5, 2013, the Defendants filed their answer admitting to certain allegations and denying others.  The Defendants also asserted various affirmative defenses.

On February 11, 2014, the Court entered a status conference and scheduling order setting the discovery cut-off as June 2, 2014, the last day to file pre-trial motions as June 23, 2014, and the pre-trial conference for July 10, 2014.

Prior to incurring additional expense in litigating the matter, the parties agreed to participate in mediation.  On May 16, 2014, the Trustee filed a request for assignment to mediation.  The parties agreed to have Mr. Thomas Casey serve as the mediator, but due to Mr. Casey's schedule, mediation would not occur until June 20, 2014.  For that reason, and in order to provide sufficient time to participate in mediation and, if a settlement was not reached, to complete discovery, the parties entered into a stipulation to continue the discovery cut-off date, the last day to file any pre-trial motions, and the pretrial conference for a period of at least thirty days after the completion of mediation.  The stipulation to continue the deadlines was also filed on May 16, 2014, and pursuant to order entered May 20, 2014, the Court extended the June 2, 2014 discovery cut-off date to July 21, 2014, the June 23, 2014 deadline to file pre-trial motions to August 11, 2014; and continued the pretrial conference from July 10, 2014 to September 11, 2014.

Pursuant to order entered May 27, 2014, the matter was assigned to mediation.

Due to an unforeseen scheduling conflict, the mediator had to reschedule the June 20, 2014 mediation to July 14, 2014.  Again, in order to provide sufficient time to participate in mediation and, if a settlement was not

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No: 12-23562                    Judge: Theodor C. Albert                    Trustee Name: Karen Sue Naylor
Case Name: FUSIONBRIDGE, LTD.                                                    Date Filed (f) or Converted (c): 11/28/2012 (f)
                                                                                 341(a) Meeting Date: 01/11/2013
For Period Ending: 10/03/2019                                                    Claims Bar Date: 01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

reached, to complete discovery, the parties entered into a stipulation to continue the discovery cut-off date, the last day to file any pre-trial motions, and the pretrial conference for a period of at least forty-five days after the completion of mediation. The stipulation to continue the deadlines was filed on June 27, 2014, and pursuant to order entered July 1, 2014, the Court extended the July 21, 2014 discovery cut-off date to September 5, 2014, the August 11, 2014 deadline to file pre-trial motions to September 26, 2014; and continued the pretrial conference from September 11, 2014 to October 23, 2014.

On July 14, 2014, the parties participated in mediation but a settlement could not be reached; however, the parties continued to explore and discuss settlement options throughout the discovery process.

On August 15, 2014, the Trustee commenced the deposition of Matthew Aarsvold which deposition would conclude at a later date. In the meantime, the parties intended to file one or more motions for summary judgment, and in order to allow sufficient time for the parties to gather evidence for a response, by stipulation filed August 18, 2014, the parties again agreed to extend the September 5, 2014 discovery cut-off date to October 17, 2014, the September 26, 2014 deadline to file pre-trial motions to November 7, 2014, and the October 23, 2014 pretrial conference to December 4, 2014. Pursuant to order entered August 20, 2014, the Court approved the stipulation.

Due to the emergency surgery of counsel for the Trustee, the continued deposition of Matthew Aarsvold had to be postponed to a date in October. On September 18, 2014, a further stipulation to continue the deadlines was filed, and pursuant to order entered September 24, 2014, the Court extended the October 17, 2014 discovery cut-off date to November 28, 2014, the November 7, 2014 deadline to file pre-trial motions to December 18, 2014; and continued the pretrial conference from December 4, 2014 to January 29, 2015.

On November 25, 2014, the Trustee's counsel filed another stipulation to continue the deadlines as the Trustee intended to file a motion for summary judgment and the parties needed time to complete discovery and attempt to informally resolve discovery disputes. By order entered November 26, 2014, the Court extended the discovery cut-off to January 16, 2015, the deadline to file pretrial motions to February 20, 2015, and continued the Pretrial Conference to March 5, 2015.

On January 29, 2015, the Trustee filed a Motion for Summary Judgment or, Alternatively, Partial Summary Judgment. The hearing was set for March 12, 2015. Thereafter the Trustee was informed that Defendant's counsel could not attend the Pretrial Conference on March 5, 2015 and because of the pending Motion for Summary Judgment a week later, the parties stipulated to continue the Pretrial Conference for approximately 75 days. By order entered March 2, 2015, the Court continued the Pre-trial Conference to May 28, 2015.

On February 26, 2015, the Defendants requested an extension of the March 12, 2015 hearing on the Motion for Summary Judgment indicating that their attorney would be in trial out of state on that date. As a result, the Court continued the hearing on the Motion for Summary Judgment from March 12, 2015 to April 8, 2015. Thereafter Defendant's counsel filed another request for continuance of the hearing on the Motion for Summary Judgment. By order entered March 27, 2015, the Court continued the hearing on the Motion for Summary Judgment to June 4, 2015. Finally, on May 14, 2015, the Defendant's filed an opposition to the Motion for Summary Judgment. Then on May 20, 2015, another stipulation was entered into to continue the hearing on the Motion for Summary Judgment. By order entered May 26, 2015, the hearing on the Motion for Summary Judgment set for June 4, 2015 was continued to August 6, 2015.

On July 23, 2015, the Trustee filed a Reply to the Opposition. On August 6, 2015, the hearing on the Trustee's Motion for Summary Judgment was held. The Court prepared a very detailed tentative ruling which it adopted. Generally, the Court noted that the motion pertained to the Trustee's Motion for Summary Judgment to (1) avoid and recover fraudulent transfer, (2) for judgment that Defendant breached his fiduciary duty, and (3) that Defendant was the alter ego of Debtor. The key issue in the fraudulent transfer claims was whether Defendant had the requisite intent to hinder, delay or defraud creditors. The undisputed facts indicated that he did. Prior to bankruptcy, Mr. Matthew Aarsvold ("Aarsvold") transferred substantially all of Debtor's assets to Fusionbridge Wyoming. He did this while litigation against Debtor was pending. There was no consideration given for the

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No:  12-23562 | Judge:  Theodor C. Albert | Trustee Name:  Karen Sue Naylor |
| Case Name:  FUSIONBRIDGE, LTD. | | Date Filed (f) or Converted (c):  11/28/2012 (f) |
| | | 341(a) Meeting Date:  01/11/2013 |
| For Period Ending:  10/03/2019 | | Claims Bar Date:  01/21/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

exchange. Although Aarsvold asserted that this transfer was intended to protect Debtor, he offered no documentary evidence or specific details to support his argument.  As a result, the Court found that: (1) the Motion was granted as to liability as indicated in the tentative as to all issues except the amount of damages.  This would be reopened for any further evidence if there was any further evidence; (2) The Trustee's attorneys were to submit an order attaching the tentative as an exhibit to the order; and (3) the hearing was continued only as to the question of damages to October 1, 2015.

On September 10, 2015, the Trustee's counsel filed a Supplemental Brief Relating to Damages in the Trustee's Motion for Summary Judgment.  In the Supplemental Brief, the Trustee noted that the transfer contemplated in the APA transferred substantially all of Debtor's assets. On its Schedule B, Debtor disclosed only $6.17 of personal property, but $4,762,895.60 in liabilities. Remarkably, in its Statements of Financial Affairs, Debtor admitted to receiving $1,331,772.00 in gross income for 2010, and $996,015.00 in gross income for 2011. The Court, in its MSJ Tentative Ruling, acknowledged that the "plain language of the APA provides that there was a transfer of all or substantially all of Debtor's property. . ." Finally, Mr. Aarsvold himself testified that there was only one customer that the Debtor had that did not ultimately become a customer of Fusionbridge Wyoming after the sale contemplated by the APA closed.

Pursuant to Fusionbridge Wyoming's 2012 federal tax return, it had $771,335.00 in gross receipts for 2012. With respect to its taxable income, Fusionbridge Wyoming deducted $594,587 from its gross receipts, asserting that the amount represented "consultant costs." Such amounts either represent the compensation paid to Mr. Aarsvold or it represented a fraudulent tax deduction. On the one hand, if the amount was paid to Mr. Aarsvold, then it represented income that he would not have received but for the fraudulent transfer. On the other hand, if the amount represented a fraudulent tax deduction, then it represented amounts that should have been received by Debtor and would have been available to Debtor's creditors but for the fraudulent transfer. Regardless, the Trustee was entitled to damages in that amount.

In sum, the Trustee argued that Mr. Aarsvold's testimony when combined with the documents produced to the Trustee by Fusionbridge Wyoming were clear; Fusionbridge Wyoming simply did not have legitimate consultant and/or subcontractor expenditures in 2012. The deduction taken was either a fraudulent deduction or it represented the amounts paid to Mr. Aarsvold. If the deduction was fraudulent, then Fusionbridge Wyoming should not receive credit for the amount when calculating damages. If the deduction represented payments to Mr. Aarsvold, then such amounts were recoverable by the Trustee. Regardless, the Trustee was entitled to summary judgment with respect to damages in an amount of $594,587.

The Defendants filed a supplemental brief with respect to damages but presented no evidence to support their contentions.  In fact, certain declarations submitted were favorable to the estate.  Rather, in their opposition, the defendants asserted that they produced a substantial number of documents so that there must be a question of fact.  The Trustee expected that a judgment with the damages requested would be entered after the October 1, 2015 hearing, but the Court orally denied the MSJ as to the issue of damages only.

On October 5, 2015, the Court ordered that: (1) a Stipulation to reopen discovery would be favorably received; (2) Pretrial Conference on the issue of damages was set for January 7, 2016; (3) Joint Pretrial Stipulation and Order due prior; and (4) Notice waived.

On or about November 4, 2015, the Defendant provided the Trustee with over 44,000 documents ("44,000 Documents"), which the Trustee believed was not produced during discovery.  The Defendants disputed the allegation as they believed that their prior counsel had provided the documents.

On February 18, 2015, the Trustee and the Defendants met and discussed issues arising from the review of the 44,000 Documents.  Because of the issues and the ongoing discussions, on February 19, 2016, the Court entered an order approving a stipulation to continue the pretrial conference.  The order continued the Pretrial Conference from February 25, 2016 to April 7, 2016.

**Exhibit 8**

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No: 12-23562                                  Judge: Theodor C. Albert                  Trustee Name: Karen Sue Naylor
Case Name: FUSIONBRIDGE, LTD.                                                                Date Filed (f) or Converted (c): 11/28/2012 (f)
                                                                                             341(a) Meeting Date: 01/11/2013
For Period Ending: 10/03/2019                                                                Claims Bar Date: 01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

Thereafter, by stipulation and order thereon entered March 25, 2016, the Pretrial Conference was continued from April 7, 2016 to May 26, 2016.

On May 17, 2016, the Court entered an order approving stipulation to continue the Pretrial Conference from May 26, 2016 to July 28, 2016.

Because the parties were still in the midst of settlement negotiations and required additional time to complete the discussions, on July 25, 2016, the Court entered an order approving stipulation to continue the Pretrial Conference set for July 28, 2016 to October 27, 2016.  Thereafter, pursuant to the Court's own motion, the Pretrial Conference was continued from October 27, 2016 to November 3, 2016.

The Trustee continued to inquire of her counsel regarding the status of the case and a potential settlement and whether it made sense to continue to pursue this matter.  Counsel indicated that they were still going back and forth regarding a potential settlement.

The Pretrial Conference was continued several more times.

In the interim, in February/March 2017, Mr. Aarsvold agreed and the Trustee's counsel recommended that the parties participate in a formal mediation.  After some delay, the parties finally agreed upon Judge Jury and mediation was finally set for June 23, 2017.  The parties participated in an all-day mediation and a settlement was put on the record.

The Trustee thereafter inquired several times about the status of the settlement agreement.  On August 2, 2017, the Trustee received and thereafter reviewed the draft of the settlement agreement. Obtaining a final version of the settlement agreement was difficult.

Pursuant to the terms of the settlement, Aarsvold would pay the estate $36,000.00 which would be paid at the rate of $1,500.00 in 24 monthly installments commencing on July 1, 2017.  The settlement also provided for late fees, and the entry of judgment in the amount of $75,000.00 less any amounts previously paid if he defaulted.

On October 27, 2017, the Trustee's counsel filed the motion to approve compromise, and pursuant to order entered December 7, 2017, the Court granted the motion and approved the settlement agreement.

Aarsvold made all the required payments timely.  The last two payments were made early and received and deposited by the Trustee on April 19, 2019.


On October 15, 2013, the Trustee filed the notification of asset case and the claims bar date was set for January 21, 2014 and the government claims bar date was May 28, 2013.  The Trustee reviewed and analyzed the claims and determined that at least two claims were questionable.  The Trustee forwarded copies of those claims to her counsel for review and comment.

Ultimately, one claim was resolved informally with the filing of an amended claim, and the Trustee's counsel determined that the other claim required an objection.

As a result, on December 4, 2017, the Trustee's counsel filed a motion for order disallowing Claim No. 7 filed by Mark Kenneth to reclassify the claim from secured and priority to general unsecured.  A hearing was set for January 9, 2018, and pursuant to order entered January 12, 2018, the Court allowed Claim No. 7 as an unsecured claim in the amount of $514,500.00.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:  12-23562    Judge:  Theodor C. Albert    Trustee Name:  Karen Sue Naylor
Case Name:  FUSIONBRIDGE, LTD.    Date Filed (f) or Converted (c):  11/28/2012 (f)
341(a) Meeting Date:  01/11/2013
For Period Ending:  10/03/2019    Claims Bar Date:  01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

With respect to the above-mentioned Infocrossing West, Inc. litigation and the appeal filed by the Debtor, sometime in July 2018, the Trustee's counsel was contacted by the attorney for Infocrossing to inform him that approximately every three months since the stay of appeal, the Appellate Court orders the parties to file a status update on the bankruptcy case.  FusionBridge, Ltd. does not have standing to pursue the case and the attorney representing FusionBridge in the appeal was no longer practicing law in California.  The Trustee, as the representative of the estate, had standing to pursue the claim, but since it appeared that the estate had very little assets to pursue the appeal, and because the appeal had been dragging on for several years, they requested that the Trustee consider dismissing the appeal.

Based on a review of the pleadings, including the Final Arbitration Award, the Notice of Entry of Judgment, Amended Judgment adding the Debtor as a Judgment Debtor and the Notice of Appeal, communications with counsel, and taking into account the costs to pursue the appeal and the ultimate potential benefit to the estate, the Trustee determined that the litigation was burdensome and of inconsequential value to the estate.  As a result, on August 20, 2018, the Trustee filed a notice of intent to abandon the Debtor's rights and claims set for the appeal, and pursuant to order entered September 11, 2018, the Court authorized the abandonment.

In anticipation of the necessity to prepare estate tax returns, on January 9, 2018, the Trustee forwarded a copy of the case files to Don Fife of Hahn Fife & Company, LLP to become employed as the estate's accountant on a flat fee basis.  On January 17, 2018, the Trustee filed the Trustee's Notice of Motion and Motion Under LBR 2016-2 for: Authorization to Pay Flat Fee to Tax Preparer $1,000.  Pursuant to order entered February 8, 2018, the Court authorized the employment of the accountant at a flat fee of $1,000.00.

On April 25, 2019, the Trustee requested preparation of the estate's final tax returns.  On April 30, 2019, the Trustee received, reviewed, executed, and returned to the accountants for filing with the taxing authorities the estate's final tax returns.  On April 30, 2019, the Trustee issued the flat fee to Hahn Fife & Company, LLP.  On June 4, 2019, the Trustee received the tax clearance letter.

On April 30, 2019, the Trustee filed and served the notice to professionals, and the request for court costs.  On April 30, 2019, the clerk docketed the notice of court costs due which indicated that $293.00 in costs were due.  All final fee applications have been filed.

As a result of the substantial fees incurred to conduct investigations and pursue recovery on fraudulent transfer and breach of fiduciary duty claims, the case is administratively insolvent.  The Trustee had previously obtained an order to pay a flat fee to the tax preparer, Hahn Fife & Company, LLP, and the flat fee was paid in April 2019; however, on July 2, 2019, the Trustee's accountant returned the $1,000.00 flat fee payment so that administrative claims can be paid on a pro-rata basis as the FTB also asserted an administrative claim and the Trustee did not want the FTB to object to the Final Report if the accountant was paid in full even though he agreed to a reduced rate.

Apart from the professionals' fees and expenses, the administrative claims also include $293.00 in court costs which will be paid in full, and a recently amended and increased Franchise Tax Board claim of $7,528.10 which will be paid pro rata along with other administrative claims.  The Trustee is also prorating her statutory cap of $4,350.00, and it appears from the proposed distribution that the Trustee's cap will be paid approximately $627.00 despite the Trustee incurring actual fees of $55,686.00.

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No:  12-23562 | Judge:  Theodor C. Albert | Trustee Name:  Karen Sue Naylor |
| --- | --- | --- |
| Case Name:  FUSIONBRIDGE, LTD. | | Date Filed (f) or Converted (c):  11/28/2012 (f) |
| | | 341(a) Meeting Date:  01/11/2013 |
| For Period Ending:  10/03/2019 | | Claims Bar Date:  01/21/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

11/28/12 - Chapter 7 Petition filed
01/02/13 - 2011 tax returns
01/10/13 - Trustee served with Amended Petition
01/11/13 - Original 341(a) Hearing - All appeared; Debtor to produce detailed financial statements for new company (FushionBridge incorporated in Wyoming) from Jan-2012 to present and detailed financials of this Debtor for last two years, A/R information, bill of sale to new company, stock holder status; contracts info; bank statements and check registers for Debtor for Jan-2011 to present; Creditor's counsel wants to see docs produced; cont'd to 02/13/13 (changed to 03/01/13)
01/15/13 - Email to Debtor's counsels and creditor's counsel re hearing moved to 03/01/13 Room 3110
01/15/13 - Trustee receives docs and info from Alan Gordee, attorney for creditor
02/15/13 - Trustee receives certain requested docs and info from Debtor's counsel--Asset purchase Agreement, Financials for FusionBridge Wyoming for 2012, Financials for FusionBridge California for 2011 & 2012, and Check register for FusionBridge California for 2011 & 2012
02/21/13 - Trustee served with Notice of Motion and Motion of Creditors Infocrossing West, Inc. and Infocrossing Services West, Inc. for Examination and for the Production of Documents Pursuant to Bankruptcy Rule 2004; Docs 04/04/13, Exam 04/11/13 10:00
02/27/13 - Email from Trustee to Alan Gordee inquiring if his client is asserting any type of security interest in any of the assets
03/01/13 - Continued 341(a) Hearing - All appeared; Debtor to produce: 1) Letters to those who assumed contracts; 2) W-9s issued 2011 to present FB-CA and FB-WY; 3) Letters to consulting agreements; 4) Are emails the same; 5) Changes to emails; 6) Landline of FB-CA before sale; 7) Back-up docs on loans--origination docs, account statements--and what was used for; 8) Consent and approvals Sch 2.4; 9) Back-up of QuickBooks 2010 to present; 10) 1300 account ledger and understanding; 11) Flowcharts; 12) Funds transferred to FB-WY; 13) Who pays legal bills of Debtor; cont'd to Friday, 05/03/13
03/04/13 - Email from Tari at OUST confirming Room 3110 reserved for all day 05/03/13
03/05/13 - Email to Tari at OUST requesting copy of Audio recording for March 1 hearing--Emailed to Ed and Saved in DocMan
03/14/13 - Trustee's Proposed Counsel files Application by Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel
04/08/13 - Trustee served with Stipulation to Continue 2004 Examination and Production of Documents
04/30/13 - Call from Dina Simmons re working on getting docs for Karen and 2004 production due this Friday 05/03/13, 2004 Exam set for May 17th; does Trustee want to proceed with continued hearing on 05/03/13
04/30/13 - Email to Ed and Alan Gordee inquiring re continued Section 341(a) date; All okay with moving it out beyond May 17; Trustee will continue to 06/18/13; AC sent email to all re same
05/01/13 - Order entered [Doc 36] on Order Granting Application by Chapter 7 Trustee to Employ Marshack Hays LLP as General Counsel
05/03/13 - Continued 341(a) Hearing - Appearance excused; Trustee awaiting outcome of 2004 Exam; cont'd to 06/18/13
06/13/13 - AC returned v.m. from Nicol at Debtor's counsel's office re can send Quickbooks docs via pdf but also send a hardcopy; She will send a hardcopy and a disc with the docs on it
06/17/13 - Email to Debtor's counsel and others re no appearance required 06/18 but hearing continued to 09/11/13 at 2:00 p.m.
06/17/13 - Trustee receives certain requested docs and info [hardcopy and USB drive--saved in DocMan]
06/18/13 - Continued 341(a) Hearing - Appearance excused; Investigation on-going; cont'd to 09/11/13
06/20/13 - Docs on USB drive from Debtor's counsel emailed to Ed Hays
08/21/13 - Letter from Alan Gordee re 10% proposal
09/11/13 - Continued 341(a) Hearing - Appearance excused; Investigation on-going; cont'd to 11/06/13

**Exhibit 8**

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | |
|---|---|
| **Case No:** 12-23562 | **Judge:** Theodor C. Albert |
| **Case Name:** FUSIONBRIDGE, LTD. | |
| | |
| **For Period Ending:** 10/03/2019 | |

**Trustee Name:** Karen Sue Naylor
**Date Filed (f) or Converted (c):** 11/28/2012 (f)
**341(a) Meeting Date:** 01/11/2013
**Claims Bar Date:** 01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

09/19/13 - Email to Trustee's Counsel requesting status of determination

10/10/13 - Email from Trustee to Counsel re Debtor's trademarks, website, business name, domain

10/15/13 - Trustee files Notification of Asset Case--Claims Bar Date 01/21/14; Gov't 05/28/13

11/01/13 - Trustee's Counsel files Complaint for (1) Avoidance and Recovery of Fraudulent Transfer; (2) Breach of Fiduciary Duty; and (3) Conversion (Naylor v. FusionBridge, Ltd. fka Webworld, Inc., and Matthew Aarsvold, Adv. No. 8:13-ap-01342-TA)

11/06/13 - Continued 341(a) Hearing - Appearance excused; Hearing concluded--Asset case (Claims bar date previously set)

11/07/13 - Trustee's Counsel files Notice to Defendants re Compliance with Rule 7026 of the FRBP and Rule 7026-1 of the LBR; hrg 01/23/14 10:00

12/05/13 - Trustee served with Defendants' Answer to Complaint (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

12/05/13 - Responsive pleadings due

01/09/14 - Trustee's Counsel files Joint Status Report (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

01/21/14 - Claims Bar Date; Gov't was 05/28/13

01/23/14 - Status Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

01/24/14 - AC mailed to Chanel at Trustee's Counsel's office DVD containing QuickBooks backups produced by Debtor

02/11/14 - Order [Doc 9] entered on Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Discovery cut-off 06/02/14; Pre-trial motions due by 06/23/14; Joint pre-trial order due 06/26/14; Pre-trial conference 07/10/14 10:00

02/14/14 - Trustee prepares claims analysis

05/01/14 - Trustee's Counsel files Notice of Increased Hourly Rates for Marshack Hays LLP

05/16/14 - Trustee's Counsel files Request for Assignment to Mediation Program; and Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

05/16/14 - Trustee's Counsel files Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-Off

05/20/14 - Order entered on Order [Adv Doc 13] Approving Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Discovery cut-off date extended to 07/21/14; Deadline to file pre-trial motions extended to 08/11/14; Pre-Trial Conference continued to 09/11/14 at 10:00

05/27/14 - Order entered on Order [Adv Doc 15] Assigning Matter to Mediation Program and Appointing Mediator [Thomas Casey] and Alternate Mediator [Hon. Mark Wallace] (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

06/02/14 - Discovery cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--extended to 07/21/14

06/20/14 - Mediation before Thomas Casey (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Rescheduled to 07/14/14

06/23/14 - Pre-trial motions due (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 08/11/14

06/27/17 - Trustee's Counsel files Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-off

07/01/14 - Order entered on Order [Adv Doc 18] Approving Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-off--Ordered: Discovery cut-off extended to 09/05/14; Deadline to file pretrial motion extended to 09/26/14; Pretrial Conference continued to 10/23/14 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

07/10/14 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--continued to 09/11/14 10:00

07/14/14 - Mediation with Thomas Casey (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

07/16/14 - Trustee served with Mediator's Certificate Regarding Completion of Mediation Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

**Exhibit 8**

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Case No:  12-23562                     Judge:  Theodor C. Albert                          Trustee Name:  Karen Sue Naylor

Case Name:  FUSIONBRIDGE, LTD.                                                     Date Filed (f) or Converted (c):  11/28/2012 (f)

                                                                                    341(a) Meeting Date:  01/11/2013

For Period Ending:  10/03/2019                                                      Claims Bar Date:  01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

07/21/14 - Discovery cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 09/05/14

08/11/14 - Pre-trial motions due (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 09/26/14

08/18/14 - Trustee's Counsel files Stipulation to Extend Discovery Cut-off [from 09/05/14 to 10/17/14] (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

08/20/14 - Order entered on Order [Adv Doc 23] Approving Stipulation to Extend Discovery Cut-off--09/05/14 discovery cut-off extended to 10/17/14

 09/26/14 deadline to file pre-trial motions extended to 11/07/14; 10/23/14 pretrial conference continued to 12/04/14 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

09/05/14 - Discovery cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 10/17/14

09/11/14 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 10/23/14

09/18/14 - Trustee's Counsel files Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-Off

09/21/14 - Email to David Wood requesting status of case

09/24/14 - Order entered on Order [Adv Doc 27] Approving Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-Off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: 10/17/14 discovery cut-off extended to 11/28/14; 11/07/14 deadline to file pre-trial motions extended to 12/18/14; Pretrial Conference 12/04/14 continued to 01/29/15

09/26/14 - Pre-trial motions due (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 11/07/14

10/17/14 - Discovery cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 11/28/14

10/23/14 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 12/04/14

11/04/14 - Email to Trustee's Counsel requesting status of litigation

11/07/14 - Email from Trustee's Counsel providing status--Mrs. Aarsvold's depo set for week of 12/08/14

11/07/14 - Pre-trial motions due (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 12/18/14

11/26/14 - Order entered on Order [Doc 31] Approving Stipulation to Continue Pretrial Conference, Extend Pretrial Deadlines, and Discovery Cut-Off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

11/28/14 - Discovery cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 01/16/15

12/04/14 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--cont'd to 01/29/15

12/18/14 - Pre-trial motions due (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Extended to 02/20/15

01/16/15 - Discovery cut-off (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

01/29/15 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--cont'd to 03/05/15

01/29/15 - Trustee's Counsel files Trustee's Notice of Motion and Motion for Summary Judgment or, Alternatively, Partial Summary Judgment; Separate Statement of Uncontroverted Facts; Declaration of David A. Wood (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 03/12/15 2:00 5B

01/30/15 - Trustee's Counsel files Notice of Errata re Trustee's Notice of Motion and Motion for Summary Judgment or, Alternatively, Partial Summary Judgment; Separate Statement of Uncontroverted Facts (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 03/12/15 2:00 5B

02/20/15 - Pre-trial motions due (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

02/27/15 - Trustee's Counsel files Limited Opposition to Defendants' Request for Continuance and Extension of Deadlines (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

03/02/15 - Order entered on Order [Doc 44] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--cont'd to 05/28/15 10:00

03/04/15 - Trustee served with Notice of Continuance of Trustee's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd from 03/12/15 to 04/08/15 11:00 5B

03/05/15 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 05/28/15 10:00

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No:  12-23562

Case Name:  FUSIONBRIDGE, LTD.

For Period Ending:  10/03/2019

Judge:  Theodor C. Albert

Trustee Name:  Karen Sue Naylor

Date Filed (f) or Converted (c):  11/28/2012 (f)

341(a) Meeting Date:  01/11/2013

Claims Bar Date:  01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

03/12/15 - Hearing 2:00 re Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 04/08/15

03/19/15 - Trustee served with Opposition to Defendants' Second Request for Continuance and Extension of Deadlines of Plaintiff's Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

03/27/15 - Order entered on Order [Doc 52] Continuing Hearing on Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd from 04/08/15 to 06/04/15 2:00 5B

04/08/15 - Hearing 11:00 re Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 06/04/15 2:00 5B

05/14/15 - Trustee's Counsel files Status Report re Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

05/14/15 - Trustee served with Debtor's Opposition to Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

05/15/15 - Trustee served with Report re Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

05/26/15 - Order entered on Order [Doc 59] Approving Stipulation to Continue Hearing re Trustee's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd from 06/04/15 to 08/06/15 2:00 5B

05/28/15 - Pre-trial conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

06/04/15 - Hearing 2:00 re Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd 08/06/15 2:00 5B

07/23/15 - Trustee's Counsel files Trustee's Reply in Support of Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 08/06/15 2:00 5B

07/23/15 - Trustee's Counsel files Trustee's Evidentiary Objections to the Declaration of Matthew Aarsvold Filed in Support of Opposition to Trustee's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 08/06/15 2:00 5B

07/24/15 - Trustee's Counsel files Joint Status Report re Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

08/06/15 - Pre-Trial Conf 10:00; Hearing 2:00 re Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

09/10/15 - Trustee's Counsel files Chapter 7 Trustee's Supplemental Brief Relating to Damages in the Trustee's Motion for Summary Judgment and Declaration of Matthew W. Grimshaw in Support (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 10/01/15 11:00 5B

09/18/15 - Trustee served with Opposition to Trustee's Supplemental Brief Relating to Damages in the Trustee's Motion for Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 10/01/15 11:00 5B

09/20/15 - KSN reviewed and analyzed claims and sent Claims Nos. 5 and 6 to counsel to review

09/24/15 - Trustee's Counsel files Chapter 7 Trustee's Reply to Defendant's Opposition to the Supplemental Brief Relating to Damages in the Trustee's Motion for Summary Judgment and Request to Strike Documents Not Previously Produced in Discovery (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 10/01/15 11:00 5B

09/25/15 - Trustee's Counsel files Trustee's Evidentiary Objections to the Declaration of Matthew Aarsvold Filed in Support of Opposition to Trustee's Supplemental Brief re Damages; and Trustee's Evidentiary Objections to the Declaration of Mary Barrera Filed in Support of Opposition to Trustee's Supplemental Brief re Damages (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 10/01/15 11:00 5B

09/30/15 - Trustee served with Response to Trustee's Evidentiary Objections to the Declaration of Mary Barrera; and Response to Trustee's Evidentiary Objections to the Declaration of Matthew Aarsvold (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); hrg 10/01/15 11:00 5B

10/01/15 - Hearing 11:00 re Motion for Summary Judgment

12/04/15 - Trustee's Counsel files Exhibit 1 to Order Denying in Part Trustee's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd hrg 10/01/15 11:00 5B

12/21/15 - Order entered on Order [Doc 88] Denying in Part Trustee's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

12/31/15 - Order entered on Order [Doc 90] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 01/07/16 to

Exhibit 8

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | |
|---|---|
| Case No:  12-23562 | |
| Case Name:  FUSIONBRIDGE, LTD. | |
| | |
| For Period Ending:  10/03/2019 | |

Judge:  Theodor C. Albert

Trustee Name:  Karen Sue Naylor
Date Filed (f) or Converted (c):  11/28/2012 (f)
341(a) Meeting Date:  01/11/2013
Claims Bar Date:  01/21/2014

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

02/25/16 10:00 5B

02/19/16 - Order entered on Order [Doc 95] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 02/25/16 to 04/07/16 10:00 5B

03/08/16 - Email from Trustee's Counsel providing status update

03/17/16 - Order entered on Order [Doc 98] Granting in Part and Continuing in Part Trustee's Motion for Summary Judgment or, Alternatively, Partial Summary Judgment (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Motion granted as to Defendants' liability on Plaintiff's First Claim for Relief, Second Claim for Relief, Third Claim for Relief, and Plaintiff's assertion that application of an alter ego remedy is appropriate, all issues set forth in the motion relation to damages are continued for further briefing and set for hearing on 10/01/15 at 10:00

03/25/16 - Order entered on Order [Doc 101] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 04/07/16 to 05/26/16 10:00 5B

05/17/16 - Order entered on Order [Doc 105] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 05/26/16 to 07/28/16 10:00 5B

07/25/16 - Order entered on Order [Doc 109] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 07/28/16 to 10/27/16 10:00 5B

09/21/16 - Trustee served with Notice of Continued Pre-Trial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--On Court's own motion, Pretrial Conference cont'd from 10/27/16 to 11/03/16 10:00 5B

09/26/16 - Email from Trustee's Counsel providing status update--still going back and forth with counsel on settlement offers. We do not think he has much client control. But, we will keep you updated

11/01/16 - Order entered on Order [Doc 114] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 11/03/16 to 01/26/17 10:00 5B

11/03/16 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 01/26/17 10:00 5B

01/18/17 - Trustee's Counsel files Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

01/20/17 - Order [Doc 118] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 01/26/17 to 04/27/17 10:00 5B

01/26/17 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 04/27/17 10:00 5B

01/27/17 - Trustee's Counsel files Notice of Increased Hourly Rates Charged by Marshack Hays LLP

04/27/17 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 06/29/17 10:00 5B

04/18/17 - Order [Doc 122] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 04/27/17 to 06/29/17 10:00 5B

06/19/17 - Order [Doc 126] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 06/29/17 to 09/28/17 10:00 5B

06/23/17 - Mediation

06/29/17 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 09/28/17 10:00 5B

06/29/17 - Trustee deposits one (1) check in the amount of $1,500.00 from Maria D. Barrera as proceeds from settlement

07/31/17 - Trustee deposits one (1) check in the amount of $1,500.00 from Maria D. Barrera as proceeds from settlement

08/02/17 -Trustee receives initial draft of settlement to review

08/04/17 - Draft of settlement agreement sent to Aarsvold counsel

08/29/17 - Trustee deposits one (1) check in the amount of $1,500.00 from Maria D. Barrera as proceeds from settlement

09/11/17 - Email to TCB requesting reversal of bank fees as fee flag didn't pull over upon conversion; Fee flag placed again

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: **12-23562** | Judge: **Theodor C. Albert** | Trustee Name: **Karen Sue Naylor** |
| Case Name: **FUSIONBRIDGE, LTD.** | | Date Filed (f) or Converted (c): **11/28/2012 (f)** |
| | | 341(a) Meeting Date: **01/11/2013** |
| For Period Ending: **10/03/2019** | | Claims Bar Date: **01/21/2014** |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

09/11/17 - Email from Tamara at TCB re bank fees will be reversed
09/20/17 - Order [Doc 131] Approving Stipulation to Continue Pretrial Conference (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)--Ordered: Pretrial Conference cont'd from 09/28/17 to 11/30/17 10:00 5B
09/28/17 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 11/30/17 10:00 5B
09/28/17 - Trustee deposits one (1) check in the amount of $1,500.00 from Maria D. Barrera as proceeds from settlement
10/27/17 - Trustee's Counsel files Chapter 7 Trustee's Motion for Order Approving Compromise with Fusionbridge, Ltd., FKA Webworld, Inc., a Wyoming Corporation, and Matthew Aarsvold
10/30/17 - Trustee deposits one (1) check in the amount of $1,500.00 from Maria D. Barrera as proceeds from settlement
11/30/17 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342); cont'd to 02/15/18 10:00 5B
11/30/17 - Trustee deposits one (1) check in the amount of $1,500.00 from Maria D. Barrera as proceeds from settlement
12/04/17 - Trustee's Counsel files Chapter 7 Trustee's Motion for Order Disallowing and/or Reclassifying Claim No. 7-1 Filed by Mark Kenneth; hrg 01/09/18 11:00 5B
12/07/17 - Order [Doc 57] Granting Chapter 7 Trustee's Motion for Order Approving Compromise with Fusionbridge, Ltd., FKA Webworld, Inc., a Wyoming Corporation, and Matthew Aarsvold
12/28/17 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
01/05/18 - Stop fee flag released
01/09/18 - Hearing 11:00 on Trustee's claim objection
01/09/18 - Trustee forwards case files to Accountant re flat fee employment
01/12/18 - Order [Doc 60] on Objections to Claims--Ordered: Claim No. 7 allowed as unsecured claim $514,500 and not as a secured or priority claim
01/17/18 - Trustee files Trustee's Notice of Motion and Motion Under LBR 2016-2 for: Authorization to Pay Flat Fee to Tax Preparer
01/29/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
02/05/18 - Trustee issues Check No. 52001 in the amount of $8.83 to International Sureties in payment of Annual Bond Premium
02/08/18 - Order [Doc 64] on Trustee's Motion Under LBR 2016-2 for Authorization to Pay Flat Fee to Tax Preparer
02/15/18 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 08/23/18 10:00 5B
03/01/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
03/28/18 - JZ emails David Wood to advise Defendant re Trustee's change of address
03/30/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
05/01/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
05/31/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
06/29/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
07/27/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement
08/20/18 - Trustee files Notice of Intent to Abandon Property of the Estate, namely, Debtor's rights and claims set forth in the appeal styled Infocrossing West, Inc., et al. v. Fusionbridge, Ltd., Case No. G047468, which is pending in the Court of Appeals of the State of California, Fourth Appellate District, Third Division, and stems from a judgment obtained in the Superior Court for the County of Orange, Case Numbers: 05CC09032 [consolidated with Case No. 05CC09021].
08/23/18 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA); cont'd to 02/28/19 10:00 5B
08/24/18 - Order [Doc 140] Continuing Pre-Trial Conference re Issue of Damages to 02/28/19 10:00 5B
09/04/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No:  12-23562 | | Judge:  Theodor C. Albert | | Trustee Name:  Karen Sue Naylor | |
| Case Name:  FUSIONBRIDGE, LTD. | | | | Date Filed (f) or Converted (c):  11/28/2012 (f) | |
| | | | | 341(a) Meeting Date:  01/11/2013 | |
| For Period Ending:  10/03/2019 | | | | Claims Bar Date:  01/21/2014 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

09/11/18 - Order [Doc 70] Authorizing Chapter 7 Trustee's Abandonment of Property of the Estate, namely, Debtor's rights and claims set forth in the appeal styled Infocrossing West, Inc., et al. v. Fusionbridge, Ltd., et al., Case No. G047468, which is pending in the Court of Appeals of the State of California, Fourth Appellate District, Third Division, and stems from a judgment obtained in the Superior Court for the County of Orange, Case Numbers: 05CC09032 [consolidated with Case No. 05CC09021]

09/28/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

12/03/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

12/28/18 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

01/31/19 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

02/01/19 - Trustee issues Check No. 52002 in the amount of $27.98 to International Sureties in payment of Annual Bond Premium

02/28/19 - Continued Pre-trial Conference 10:00 (Naylor v. FusionBridge, et al., Adv. No. 8:13-ap-01342-TA)

03/01/19 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

03/29/19 - Trustee deposits one (1) check in the amount of $1,500.00 as proceeds from settlement

04/19/19 - Trustee deposits one (1) check in the amount of $3,000.00 as proceeds from settlement

04/25/19 - Trustee forwards Forms 1&2 to Accountant to request preparation of the estate's final tax returns

04/30/19 - Trustee reviews, executes, and returns estate's final tax returns to Accountant

04/30/19 - Trustee issues Check No. 52003 in the amount of $1,000.00 to Hahn Fife & Company, LLP in payment of Flat Fee pursuant to order entered 02/08/18 [Doc 64]

04/30/19 - Trustee files Notice to Professionals to File Applications for Compensation; and Request for Court Costs--Due 05/21/19

04/30/19 - Trustee served with Notice of Court Costs Due [Doc 75]--Complaint $293.00

06/04/19 - Tax Clearance Letter dated 05/16/19 received

06/05/19 - Trustee's Counsel files First and Final Application for Allowance of Fees [$224,831.00] and Costs [$7,130.57] Filed by Marshack Hays LLP as General Counsel

06/17/19 - Trustee begins preparation of the Uniform Final Report

07/02/19 - Trustee deposits one (1) check in the amount of $1,000.00 from Hahn Fife & Company LLP as return of Flat Fee payment for prorata distribution as case is administratively insolvent

07/16/19 - Trustee serves Final Report on Office of the United States Trustee for review, comment and/or approval; 60-day deadline on 09/14/19

07/16/19 - Trustee files Chapter 7 Trustee's Notice of Submission of Final Report to U.S. Trustee [Doc 78]

07/19/19 - Email from Philip Green re okay to get hearing date

07/19/19 - AC accessed Judge Albert's self-calendar and obtained hearing date of 08/27/19 11:00 5B

07/19/19 - AC revised NFR with hearing date and time and electronically submitted all Uniform Reports to Phil Green at OUST

07/19/19 - OUST approves and files TFR and Notice [Docs 79&80]

07/21/19 - Notice served by BNC [Doc 82]

07/22/19 - Trustee efiles Chapter 7 Trustee's Declaration in Support of Trustee's Final Report [Doc 83]

08/27/19 - Hearing on TFR 11:00 5B (AC lodged Order #8905087.doc)

08/28/19 - Order [Doc 85] on Final Fee Applications Allowing Payment of: (1) Court and U.S. Trustee Fees; and (2) Final Fees and Expenses of Trustee and Professionals

08/29/19 - Trustee issues Check Nos. 52004 through 52012 as Final Checks pursuant to Order entered 08/28/19

**Exhibit 8**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: **12-23562** | Judge: **Theodor C. Albert** | Trustee Name: **Karen Sue Naylor** |
|---|---|---|
| Case Name: **FUSIONBRIDGE, LTD.** | | Date Filed (f) or Converted (c): **11/28/2012 (f)** |
| | | 341(a) Meeting Date: **01/11/2013** |
| For Period Ending: **10/03/2019** | | Claims Bar Date: **01/21/2014** |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value<br>(Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned<br>OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

Initial Projected Date of Final Report(TFR) : 12/31/2016        Current Projected Date of Final Report(TFR) : 03/31/2020

Trustee's Signature        /s/Karen Sue Naylor                Date:  10/03/2019
                            Karen Sue Naylor
                            4343 Von Karman Avenue, Suite 300
                            Newport Beach, CA 92660-2098
                            Phone : (949) 748-7936

**Exhibit 8**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 12-23562 | | Trustee Name: | Karen Sue Naylor |
|---|---|---|---|---|

**Case No:** 12-23562
**Case Name:** FUSIONBRIDGE, LTD.

**Taxpayer ID No:** **-***2013
**For Period Ending:** 10/3/2019

**Trustee Name:** Karen Sue Naylor
**Bank Name:** Texas Capital Bank
**Account Number/CD#:** ******7398
**Account Name** Checking Account
**Blanket bond (per case limit):** 5,000,000.00
**Separate bond (if applicable):** 0.00

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 07/11/2017 | | Transfer from Union Bank | Transfer of funds from account ending 2009 | 9999-000 | 1,500.00 | | 1,500.00 |
| 07/31/2017 | [5] | MARIA D. BARRERA | NOTE: Actual remitter is Fusionbridge Proceeds from Settlement--Cashier's Check No. 0114209903, dated 07/31/17 | 1249-000 | 1,500.00 | | 3,000.00 |
| 08/03/2017 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 15.00 | 2,985.00 |
| 08/29/2017 | [5] | MARIA D. BARRERA | NOTE: Actual remitter is Fusionbridge Proceeds from Settlement--Cashier's Check No. 0942307067, dated 08/29/17 | 1249-000 | 1,500.00 | | 4,485.00 |
| 09/05/2017 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 15.00 | 4,470.00 |
| 09/11/2017 | | Texas Capital Bank | Reversal of August Bank Fee | 2600-000 | | (15.00) | 4,485.00 |
| 09/11/2017 | | Texas Capital Bank | Reversal of September Bank Fee | 2600-000 | | (15.00) | 4,500.00 |
| 09/28/2017 | [5] | MARIA D. BARRERA | NOTE: Actual remitter is Fusionbridge Proceeds from Settlement--Cashier's Check No. 44287, dated 09/28/17 | 1249-000 | 1,500.00 | | 6,000.00 |
| | | | Page Subtotals | | 6,000.00 | 0.00 | |

UST Form 101-7-TDR (10/1/2010) (Page 23)

**Exhibit 9**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| **Case No:** 12-23562 | **Trustee Name:** Karen Sue Naylor |
| **Case Name:** FUSIONBRIDGE, LTD. | **Bank Name:** Texas Capital Bank |
| | **Account Number/CD#:** ******7398 |
| **Taxpayer ID No:** **-***2013 | **Account Name** Checking Account |
| **For Period Ending:** 10/3/2019 | **Blanket bond (per case limit):** 5,000,000.00 |
| | **Separate bond (if applicable):** 0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 10/30/2017 | [5] | MARIA D. BARRERA | NOTE: Actual remitter is Fusionbridge Proceeds from Settlement--Cashier's Check No.46005, dated 10/30/17 | 1249-000 | 1,500.00 | | 7,500.00 |
| 11/30/2017 | [5] | MARIA D. BARRERA | NOTE: Actual remitter is Fusionbridge Proceeds from Settlement--Cashier's Check No. 47548, dated 11/30/17 | 1249-000 | 1,500.00 | | 9,000.00 |
| 12/28/2017 | [5] | FUSIONBRIDGE | Proceeds from Settlement-Cashier's Check 49298, dated 12/28/17 | 1249-000 | 1,500.00 | | 10,500.00 |
| 01/29/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 50974, dated 01/29/18 | 1249-000 | 1,500.00 | | 12,000.00 |
| 02/05/2018 | 52001 | INTERNATIONAL SURETIES, LTD. One Shell Square 701 Poydras Street, Suite 420 New Orleans, LA 70139 | Bond Premium-Blanket Bond No. 016030867, Term 01/04/18 to 01/04/19 | 2300-000 | | 8.83 | 11,991.17 |
| 02/05/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 14.87 | 11,976.30 |
| 03/01/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 0923912626, dated 02/28/18 | 1249-000 | 1,500.00 | | 13,476.30 |
| | | | Page Subtotals | | 7,500.00 | 23.70 | |

UST Form 101-7-TDR (10/1/2010) (Page 24)

**Exhibit 9**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 12-23562 | | | Trustee Name: | Karen Sue Naylor |
| Case Name: | FUSIONBRIDGE, LTD. | | | Bank Name: | Texas Capital Bank |
| | | | | Account Number/CD#: | ******7398 |
| Taxpayer ID No: | **-***2013 | | | Account Name | Checking Account |
| For Period Ending: | 10/3/2019 | | | Blanket bond (per case limit): | 5,000,000.00 |
| | | | | Separate bond (if applicable): | 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 03/05/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 16.74 | 13,459.56 |
| 03/30/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 54347, dated 03/29/18 | 1249-000 | 1,500.00 | | 14,959.56 |
| 04/03/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 18.94 | 14,940.62 |
| 05/01/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 56504, dated 05/01/18 | 1249-000 | 1,500.00 | | 16,440.62 |
| 05/03/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 20.88 | 16,419.74 |
| 05/31/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 58065, dated 05/31/18 | 1249-000 | 1,500.00 | | 17,919.74 |
| 06/04/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 23.01 | 17,896.73 |
| | | | Page Subtotals | | 4,500.00 | 79.57 | |

**Exhibit 9**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| **Case No:** 12-23562 | **Trustee Name:** Karen Sue Naylor |
| **Case Name:** FUSIONBRIDGE, LTD. | **Bank Name:** Texas Capital Bank |
| | **Account Number/CD#:** ******7398 |
| **Taxpayer ID No:** **-***2013 | **Account Name** Checking Account |
| **For Period Ending:** 10/3/2019 | **Blanket bond (per case limit):** 5,000,000.00 |
| | **Separate bond (if applicable):** 0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 06/29/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 59703, dated 06/29/18 | 1249-000 | 1,500.00 | | 19,396.73 |
| 07/03/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 25.15 | 19,371.58 |
| 07/27/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 61118, dated 07/27/18 | 1249-000 | 1,500.00 | | 20,871.58 |
| 08/03/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 27.41 | 20,844.17 |
| 09/04/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 63017, dated 08/31/18 | 1249-000 | 1,500.00 | | 22,344.17 |
| 09/04/2018 | | Texas Capital Bank Treasury Management Operations 2350 Lakeside Blvd Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 29.13 | 22,315.04 |
| 09/28/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 64707, dated 09/28/18 | 1249-000 | 1,500.00 | | 23,815.04 |
| | | | Page Subtotals | | 6,000.00 | 81.69 | |

**Exhibit 9**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| **Case No:** 12-23562 | |
| **Case Name:** FUSIONBRIDGE, LTD. | **Trustee Name:** Karen Sue Naylor |
| | **Bank Name:** Texas Capital Bank |
| | **Account Number/CD#:** ******7398 |
| **Taxpayer ID No:** **-***2013 | **Account Name** Checking Account |
| **For Period Ending:** 10/3/2019 | **Blanket bond (per case limit):** 5,000,000.00 |
| | **Separate bond (if applicable):** 0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 10/03/2018 | | Texas Capital Bank<br>Treasury Management Operations<br>2350 Lakeside Blvd<br>Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 31.18 | 23,783.86 |
| 10/31/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 66773, dated 10/31/18 | 1249-000 | 1,500.00 | | 25,283.86 |
| 12/03/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 68434, dated 11/29/18 | 1249-000 | 1,500.00 | | 26,783.86 |
| 12/28/2018 | [5] | FUSIONBRIDGE | Proceeds from Settlement-- Cashier's Check No. 70261, dated 12/27/18 | 1249-000 | 1,500.00 | | 28,283.86 |
| 01/31/2019 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 72205, dated 01/31/19 | 1249-000 | 1,500.00 | | 29,783.86 |
| 02/01/2019 | 52002 | INTERNATIONAL SURETIES, LTD.<br>One Shell Square<br>701 Poydras Street, Suite 420<br>New Orleans, LA 70139 | Bond Premium-Blanket Bond No. 016030867, Term 01/04/19 to 01/04/20 | 2300-000 | | 27.98 | 29,755.88 |
| 03/01/2019 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 73893, dated 02/28/19 | 1249-000 | 1,500.00 | | 31,255.88 |
| 03/29/2019 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 75678, dated 03/28/19 | 1249-000 | 1,500.00 | | 32,755.88 |
| | | | Page Subtotals | | 9,000.00 | 59.16 | |

**Exhibit 9**

**FORM 3**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 12-23562 | | | | Trustee Name: | Karen Sue Naylor |
| Case Name: | FUSIONBRIDGE, LTD. | | | | Bank Name: | Texas Capital Bank |
| | | | | | Account Number/CD#: | ******7398 |
| Taxpayer ID No: | **-***2013 | | | | Account Name | Checking Account |
| For Period Ending: | 10/3/2019 | | | | Blanket bond (per case limit): | 5,000,000.00 |
| | | | | | Separate bond (if applicable): | 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 04/19/2019 | [5] | FUSIONBRIDGE | Proceeds from Settlement--Cashier's Check No. 80017, dated 04/19/19 | 1249-000 | 3,000.00 | | 35,755.88 |
| 04/30/2019 | 52003 | HAHN FIFE & COMPANY, LLP 790 EAST COLORADO BLVD., 9TH FLOOR PASADENA , CA 91101 | Flat Fee paid pursuant to Order entered 02/08/18 [Doc 64] on Trustee's Motion Under LBR 2016-2 for Authorization to Pay Flat Fee to Tax Preparer | 3410-000 | | 1,000.00 | 34,755.88 |
| 07/02/2019 | | HAHN FIFE & COMPANY, LLP | Return of Flat Fee payment for prorata distribution as case is administratively insolvent--Check No. 4251, dated 06/28/19 | 3410-000 | | (1,000.00) | 35,755.88 |
| 08/29/2019 | 52004 | KAREN SUE NAYLOR | Trustee's Compensation--R&S prorata portion | 2100-000 | | 117.76 | 35,638.12 |
| 08/29/2019 | 52005 | KAREN SUE NAYLOR | Trustee's Expenses--R&S prorata portion | 2200-000 | | 67.97 | 35,570.15 |
| 08/29/2019 | 52006 | KAREN SUE NAYLOR c/o Burd & Naylor 4343 Von Karman Ave, Suite 300 Newport Beach, CA 92660 | Trustee's Compensation--B&N prorata portion | 2100-000 | | 509.97 | 35,060.18 |
| 08/29/2019 | 52007 | KAREN SUE NAYLOR c/o Burd & Naylor 4343 Von Karman Ave, Suite 300 Newport Beach, CA 92660 | Trustee's Expenses--B&N prorata portion | 2200-000 | | 63.27 | 34,996.91 |
| | | | Page Subtotals | | 3,000.00 | 758.97 | |

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No: **12-23562** | Trustee Name: | **Karen Sue Naylor** |
| Case Name: **FUSIONBRIDGE, LTD.** | Bank Name: | **Texas Capital Bank** |
| | Account Number/CD#: | ********7398** |
| Taxpayer ID No: **\*\*-\*\*\*2013** | Account Name | **Checking Account** |
| For Period Ending: **10/3/2019** | Blanket bond (per case limit): | **5,000,000.00** |
| | Separate bond (if applicable): | **0.00** |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 08/29/2019 | 52008 | US BANKRUPTCY COURT 411 W FOURTH STREET, SUITE 2030 SANTA ANA, CA 92701 | Court Costs ($293.00--Complaint) as reflected on Notice of Court Costs Due filed 04/30/19 [Doc 75] and paid pursuant to Order Allowing Administrative Claims entered 08/18/19 [Doc 85]. | 2700-000 | | 293.00 | 34,703.91 |
| 08/29/2019 | 52009 | MARSHACK HAYS LLP 870 ROOSEVELT AVE IRVINE , CA 92620 | Professional Fees paid pursuant to Order entered 08/28/19 [Doc 85] | 3210-000 | | 32,444.30 | 2,259.61 |
| 08/29/2019 | 52010 | MARSHACK HAYS LLP 870 ROOSEVELT AVE IRVINE , CA 92620 | Professional Expenses paid pursuant to Order entered 08/28/19 [Doc 85] | 3220-000 | | 1,028.98 | 1,230.63 |
| 08/29/2019 | 52011 | HAHN FIFE & COMPANY, LLP 790 EAST COLORADO BLVD., 9TH FLOOR PASADENA , CA 91101 | Professional Fees paid pursuant to Order entered 08/28/19 [Doc 85] | 3410-000 | | 144.31 | 1,086.32 |
| 08/29/2019 | 52012 | FRANCHISE TAX BOARD BANKRUPTCY SECTION MS A340 REF #5473 PO Box 2952 Sacramento , CA 95812-2952 | FINAL DISTRIBUTION pursuant to Order entered 08/28/19 [Doc 85] | 2820-000 | | 1,086.32 | 0.00 |
| | | | Page Subtotals | | 0.00 | 34,996.91 | |

UST Form 101-7-TDR (10/1/2010) (Page 29)                                                    **Exhibit 9**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No: **12-23562** | Trustee Name: **Karen Sue Naylor** | |
| Case Name: **FUSIONBRIDGE, LTD.** | Bank Name: **Texas Capital Bank** | |
| | Account Number/CD#: ********7398** | |
| Taxpayer ID No: **\*\*-\*\*\*2013** | Account Name **Checking Account** | |
| For Period Ending: **10/3/2019** | Blanket bond (per case limit): **5,000,000.00** | |
| | Separate bond (if applicable): **0.00** | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |

| | | | | |
|---|---|---|---|---|
| Page Subtotals | | | | |
| **COLUMN TOTALS** | 36,000.00 | 36,000.00 | | |
| Less:Bank Transfer/CD's | 1,500.00 | 0.00 | | |
| **SUBTOTALS** | 34,500.00 | 36,000.00 | | |
| Less: Payments to Debtors | | 0.00 | | |
| **Net** | 34,500.00 | 36,000.00 | | |

UST Form 101-7-TDR (10/1/2010) (Page 30)

**Exhibit 9**

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: | **12-23562** | | | Trustee Name: | **Karen Sue Naylor** | |
| Case Name: | **FUSIONBRIDGE, LTD.** | | | Bank Name: | **Union Bank of California** | |
| | | | | Account Number/CD#: | ********2009** | |
| Taxpayer ID No: | **\*\*-\*\*\*2013** | | | Account Name | **Checking Account** | |
| For Period Ending: | **10/3/2019** | | | Blanket bond (per case limit): | **5,000,000.00** | |
| | | | | Separate bond (if applicable): | **0.00** | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 06/30/2017 | [5] | MARIA D. BARRERA | NOTE: Actual remitter is Fusionbridge Proceeds from Settlement Cashier's Check No. 1187808798, dated 06/29/17 | 1249-000 | 1,500.00 | | 1,500.00 |
| 07/11/2017 | | Transfer to Texas Capital Bank | Transfer of funds to account ending 7398 | 9999-000 | | 1,500.00 | 0.00 |

| | | |
|---|---|---|
| Page Subtotals | 1,500.00 | 1,500.00 |

| | | |
|---|---|---|
| **COLUMN TOTALS** | 1,500.00 | 1,500.00 |
| Less:Bank Transfer/CD's | 0.00 | 1,500.00 |
| **SUBTOTALS** | 1,500.00 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| **Net** | 1,500.00 | 0.00 |

| | |
|---|---|
| All Accounts Gross Receipts: | 36,000.00 |
| All Accounts Gross Disbursements: | 36,000.00 |
| All Accounts Net: | 0.00 |

| TOTAL-ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| ******2009 Checking Account | 1,500.00 | 0.00 | |
| ******7398 Checking Account | 34,500.00 | 36,000.00 | |
| **Net Totals** | 36,000.00 | 36,000.00 | 0.00 |

**Exhibit 9**